# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREGORY S. KONTAXES, )
        Plaintiff, )
) Civil Action No. 12-1162
vs. )
) Judge Mark R. Hornak/
) Magistrate Judge Maureen P. Kelly
ATTORNEY DIANE ZEREGA, )
        Defendant. )

## **REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that, pursuant to the screening provisions of the Prison Litigation Reform Act, the Complaint be dismissed for failure to state a claim upon which relief can be granted.

**II. REPORT**

Gregory S. Kontaxes, ("Plaintiff") has filed a civil rights Complaint, alleging that his constitutional rights were violated by the Defendant, Attorney Diane Zerega, who was the criminal defense attorney for Plaintiff at his sentencing and/or post sentencing motion stage of his criminal proceedings. ECF No. 1-2 at 2, ¶ IV.C. Plaintiff alleges the Defendant violated his First, Fourth, Fifth and Eighth Amendment rights. Id., at ¶ III. Plaintiff alleges that the date of the events that gave rise to the instant suit occurred on or around July 12, 2002.[1] Because

---

[1] The Court takes judicial notice of the dockets of the Court of Common Pleas of Fayette County in Plaintiff's criminal case of Commonwealth v. Kontaxes, CP-26-CR-0000197-2001, available at:

    http://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-26-CR-0000197-2001

Plaintiff seeks to sue the Defendant Zerega for actions taken by the Defendant as Plaintiff's criminal defense counsel and because counsel does not act "under color of state law" as is required to make out a claim under 42 U.S.C. § 1983, this case must be dismissed before being served upon the Defendant for failing to state a claim upon which relief can be granted. In the alternative, because Plaintiff complains of actions that Defendant Zerega allegedly took in July to August 2002 and Plaintiff did not initiate the current civil rights action, until, at the earliest, July 4, 2012, when he signed the Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion"), this action is time barred.

### A. PROCEDURAL BACKGROUND

At the time of the initiation of this civil action, Plaintiff was a prisoner in the State Correctional Institution at Rockview ("SCI-Rockview"). Plaintiff is proceeding pro se and his IFP Motion has been granted. Plaintiff attached the Complaint to his IFP Motion. Service of process has not yet been made on the Defendant.

### B. APPLICABLE LEGAL PRINCIPLES

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who

---

(site last visited 11/13/2012). Those dockets reveal that Attorney Zerega was the attorney for Plaintiff and she filed post sentence motions for Plaintiff on or about August 12, 2002 and a Notice of Appeal on or about October 21, 2002 on behalf of Plaintiff. For present purposes any discrepancy between the dates of July 12, 2002, whereon Plaintiff alleges Attorney Zerega violated his rights and, August 12, 2002 when Attorney Zerega's name appears on the criminal docket for the first time is immaterial to the disposition of this case.

has been granted IFP status, the screening provisions of the PLRA apply.  See 28 U.S.C. §1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue;  or  (B) the action or appeal–  (i) is frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or  (iii) seeks monetary relief against a defendant who is immune from such relief.").

In performing the Court's mandated function of sua sponte review of complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)).

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and in applying the standards applicable to a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true.  See Estelle v. Gamble, 429 U.S. 97 (1976).  Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

### C. DISCUSSION

#### 1. Defense Counsel Do Not Act "Under Color of State Law"

Even though Plaintiff does not specifically mention 42 U.S.C. § 1983, which is the Civil Rights Act, in the Complaint, because Plaintiff is seeking to vindicate his constitutional rights (see, e.g, ECF No. 1-2 at 2, ¶ III, claiming violations of his constitutional rights) and because he

does not have a cause of action directly under the Constitution of the United States, a liberal reading of the Complaint requires the court to construe it as one invoking the court's federal question jurisdiction pursuant to 42 U.S.C. § 1983. See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); Pauk v. Board of Trustees of City University of New York, 654 F.2d 856 (2d Cir 1981) (where a federal statute governing civil action for deprivation of rights provides a remedy, *i.e.*, 42 U.S.C. § 1983, an implied cause of action grounded on the Constitution is not available), *overruling on other grounds as recognized in*, Brandman v. North Shore Guidance Center, 636 F.Supp. 877, 879 (E.D.N.Y. 1986). Hence, the Court construes the Complaint as alleging a cause of action under Section 1983.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the asserted misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988).

Plaintiff complains of actions taken by Attorney Zerega in relation to her acting as Plaintiff's attorney during the criminal proceedings against Plaintiff in the Court of Common Pleas of Fayette County. Plaintiff complains that Attorney Zerega, after she "got her hands on my cash[,] she refused to come visit me as she promised me and just like her protojee [sic] Jack Connors[,] she gave me absolutely no counsel whatsoever and left me even worse off than Connors left me – she . . . neglected the best and appropriate defense – to fight for the 5 – 10

4

year plea bargain back on the basis of Connors['] ineffectiveness. I even begged her via letter to do this and she ignored me and snubbed me." ECF No. 1-2 at 2, ¶ IV.C.

However, such complaints against a criminal defense attorney fail to state a claim under Section 1983. The rule is that attorneys acting as a criminal defense attorney do not act under color of state law so as to come within the ambit of a Section 1983 suit. See, e.g., Polk County v. Dodson, 454 U.S. 312 (1981); Henderson v. Fisher, 631 F.2d 1115, 1119 (3d Cir.1980).

In Polk County, a convict sued his public-defender-appellate counsel who moved to withdraw as appellate counsel because the public defender concluded that an appeal would be frivolous. The convict sued the public defender under Section 1983, claiming that her actions in moving to withdraw violated his right to counsel and, in failing to zealously advocate on his behalf, subjected him to cruel and unusual punishment and denied him due process of law. Id. at 315. Noting that to sustain a Section 1983 cause of action, it is necessary that the complaint reveal that the defendant acted under color of state law, the United States Supreme Court held in Polk that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Because it was based on such activities, the complaint against Shepard [the public defender] must be dismissed." Id. at 325.

Just as in Polk, the Complaint in this action alleges liability premised only upon Defendant Zerega's actions or inactions in connection with her performing a lawyer's traditional functions as counsel to the criminal defendant/convict. Even though the facts alleged or reasonably inferred may be troubling, the alleged acts and/or failures to act in the course of representing a criminal defendant-convict fall squarely within Polk County's ambit of "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"

5

and thus are not accomplished "under color of state law." See, e.g., Smith v. Haith, 978 F.2d 1261 (Table), 1992 WL 311787, at *5 (7th Cir. 1992)("This principle [i.e., public defenders are not state actors] was applied in *Cornes v. Munoz*, 724 F.2d 61 (7th Cir. 1983), where a claim that a public defender was guilty of legal malpractice because of the failure to include certain claims on appeal was dismissed for failure to allege action 'under color of state law.'"), cert. denied, 507 U.S. 963 (1993). See also Williamson v. Brooks, 215 F.3d 1331 (Table), 2000 WL 431542, at *1 (7th Cir. April 21, 2000)(even allegations of overbilling and improper withdrawal as opposed to actions taken by the attorney in the courtroom comes within Polk's ambit); Christman v. Commonwealth of Pennsylvania, 275 F.Supp. 434 (W.D. Pa. 1967)(actions accomplished by appointed counsel in a state collateral attack on the plaintiff's state conviction do not constitute acting under of color of state law and so fail to state a Section 1983 claim). Indeed, even accusations of malfeasance[1] in the course of representing a criminal defendant, such as Plaintiff may be making herein, are not enough to render the actions of a criminal defendant's attorney cognizable in a Section 1983 suit. See, e.g., Ponchik v. Kloak, No. 89 C 7319, 1989 WL 134683, at *1 (N.D. Ill. Oct. 19, 1989) ("Consequently [plaintiff] Ponchik's allegations of malfeasance on [Attorney] Kloak's part do not give rise to a claim cognizable under this Court's federal-question jurisdiction."). Because the Complaint fails to state a claim under Section 1983 against Attorney Zerega, the Complaint should be dismissed.[2]

---

[1] Malfeasance is defined as "Evil doing, ill conduct. The commission of some act which is positively unlawful; the doing of an act which is wholly wrongful and unlawful. . . ." Black's Law Dictionary 862 (5th ed. 1979).

[2] It does not matter in this analysis whether the criminal defendant's attorney was privately retained, court appointed or a public defender because a criminal defense attorney does not act under color of state law irrespective of whether he is a public defender, a court appointed private attorney or a privately retained attorney. See, e.g., Ward v. Ghee, 8 F.3d 823 (Table), 1993 WL 410357, at *1 (4th Cir. 1993)("Defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under § 1983, whether privately retained, Deas v. Potts, 547 F.2d

## 2. This Action is Barred by the Statute of Limitations

Congress did not specify a statute of limitations for actions arising under 42 U.S.C. § 1983 of the Civil Rights law. Wilson v. Garcia, 471 U.S. 261, 267 (1985), *superseded by statute on other grounds as recognized in*, Hurst v. Trader, 223 F. App'x 128, 131 (3d Cir. 2007). Because of this, the Courts are to consider Section 1983 actions as tort actions and borrow the statute of limitations for personal injury or tort actions from the appropriate State. Wilson v. Garcia, 471 U.S. at 267 to 275. The United States Court of Appeals for the Third Circuit has declared that for Section 1983 actions brought in the Federal courts, located within the Commonwealth of Pennsylvania, the appropriate statute of limitations is two years. Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985) ("the two-year Pennsylvania limitation for personal injury actions of 42 Pa.Const.Stat.Ann. § 5524 governs all § 1983 actions brought in Pennsylvania."). The statute of limitations requires that a complaint be filed within its time limits from the time a cause of action accrues. See Sprint Communications Co., L.P. v. F.C.C., 76 F.3d 1221, 1226 (D.C. Cir. 1996).

A United States District Court may *sua sponte* raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint. See, e.g., Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001); Tate v. United States, 13 F. App'x 726 (9th Cir. 2001). Instantly, the bar of the statute of limitations is apparent on the face of the Complaint.

---

800 (4th Cir. 1976), appointed by the state, Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982), or employed as public defenders, Polk County v. Dodson, 454 U.S. 312, 325 (1981).").

Herein, the wrongs complained of by Plaintiff, allegedly occurred on or around July 12, 2002 to August 12, 2002, and, therefore, accrued then. Plaintiff did not "file"[2] his IFP Motion, which would stop the running the of the statute of limitations,[3] until, at the earliest, July 4, 2012, *i.e.*, nearly ten years after the alleged wrongs were perpetrated by the Defendant. Thus, it is clear from the face of the complaint that Plaintiff failed to commence his lawsuit within the two year applicable statute of limitations. Accordingly, the action should be dismissed before service for failing to state a claim upon which relief can be granted, given that the statute of limitations bars the suit.

## III. CONCLUSION

For the reasons set forth herein, it is recommended that this action be dismissed.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in

---

[2] Plaintiff's application for IFP status was not signed until July 4, 2012, ECF No. 1 at 2, which is the earliest this Court could deem Plaintiff's suit as being filed, which is well beyond the two year limitations period. See Cromwell v. Keane, 27 F. App'x 13 (2d Cir. 2001) (for prisoner mail box rule, a prisoner is deemed to file his pleading on the date which he hands it to prison officials for mailing; in the absence of evidence as to when this is, the court should deem the date whereon the prisoner signed his IFP application as the date whereon he handed his pleading to the prison officials).

[3] Richardson v. Diagnostic Rehabilitation Center, 836 F.Supp. 252, 254 (E.D. Pa. 1993) ("While a complaint accompanied by an i.f.p. motion is usually not deemed 'filed' until leave to proceed *in forma pauperis* is granted or the filing fee is paid, the filing of the motion tolls the applicable statute of limitations.").

accordance with Local Civil Rule 72.D.2.

| | |
|---|---|
| November 23, 2012 | s/Maureen P. Kelly<br>MAUREEN P. KELLY<br>UNITED STATES MAGISTRATE JUDGE |

cc: The Honorable Mark Hornak
     United States District Judge

     Gregory S. Kontaxes
     FB-3371
     SCI Rockview
     Box A
     Bellefonte, PA 16823